## CHARLES H. LEONARD, APPELLANT, v. WILLIAM A. WILLIAMSON, RESPONDENT.

Submitted December 9, 1918—Decided March 3, 1919.

Defendant became the purchaser at a receiver's sale, one of the conditions of which was that if the purchaser did not receive the deed and pay the purchase price within five days from the confirmation of the sale, the property would be readvertised and sold and the first purchaser would be liable for any deficiency. Defendant defaulted and a resale took place July 11th, 1911, which was confirmed August 8th, 1911. In a suit against the first purchaser for the deficiency—*Held*, that his liability being contingent upon a deficiency on a resale, the statute of limitations

began to run from the date of the confirmation of the second sale, when the amount of the deficiency was ascertained, and not from the time when the deed was to have been delivered on compliance with the terms of the first sale.

On appeal from the Supreme Court.

For the appellant, *John P. Lloyd* and *Frank P. McDermott*.

For the respondent, *Condict, Condict & Boardman*.

The opinion of the court was delivered by

WALKER, CHANCELLOR. Theodore Rurode, the duly-appointed receiver of Jamesburg Light and Water Company, sold the property of that company at public sale on May 27th, 1910. The defendant, William A. Williamson, became the purchaser for the sum of $12,000, subject to the conditions of the sale. These conditions provide—(1) that ten per cent. shall be paid immediately after the sale; (2) the deed to be delivered and the balance of purchase-money paid within five days after confirmation of sale, and (3) the purchaser shall be liable for the payment of the purchase-money whether he attends and receives the deed at that time or not, and in case he neglects to receive the deed and pay the purchase-money, the property will be advertised and sold again, and if it produces a less sum than the former bid and interest and expenses, the purchaser will be held liable for the difference, and if it produces a larger sum he shall not be benefited thereby.

The sale was confirmed and defendant made a payment on account, but defaulted as to the balance, and on a resale the property brought less, and the deficiency for which defendant was liable, was ascertained to be $4,600. The resale took place July 11th, 1911. On October 19th, 1912, the receiver sold his claim against defendant for the deficiency for $30. This sale was confirmed October 21st, 1912, and the receiver delivered a bill of sale to plaintiff on the same day. On April 9th, 1917, plaintiff brought suit for the deficiency, but was

nonsuited at the Circuit on the ground that the statute of limitations ran from the time the deed was to have been delivered by the receiver to defendant, the bidder to whom the property was struck off at the first sale, July 2d, 1910. This was error.

The amount of the deficiency, which was what was sold to plaintiff, was not, and could not have been, ascertained until the resale, July 11th, 1911. It was officially ascertained and adjudged when the resale was confirmed, August 8th, 1911. The very terms of the conditions of sale under which defendant became the purchaser, namely, that if he defaulted the property would be resold, and if it produced a less sum he would be held for the difference, makes it apparent that the statute ran from the second sale, for prior thereto it could not be told whether there would be any deficiency. His liability was only contingent, and not fixed, between the first and second sales. The deficiency did not come into existence until the second sale. Defendant was not liable on it until then. What was sold to plaintiff by receiver was not a contingent liability arising July 2d, 1910, but an ascertained one, which arose July 11th, 1911, and which was ascertained and adjudged on August 8th, 1911.

According to the view expressed by Vice Chancellor Pitney in *Stoddard* v. *Van Bussom,* 57 *N. J. Eq.* 34, the date from which the statute of limitations would run against a decree for deficiency in a foreclosure would be that on which the order was made ascertaining the deficiency. That, in this case, was August 8th, 1911. It is true the resale took place July 11th, 1911, but it could not then be told that that sale would be confirmed, and it was not until that confirmation took place, August 8th, 1911, that the deficiency became a sum certain, fixed and definite—one for which an action would lie. Before that it was *in fieri.*

The case of *Chancellor* v. *Gummere,* 40 *N. J. Eq.* 279, in this court, is not without appositeness. There was no forfeiture there because the property brought more at the resale than at the first one; and this is the possible situation pointed out above, namely, that the second sale may produce an increased

price instead of a deficiency, in which case no claim would exist against the first purchaser, because none had arisen. Now, in Chancellor *v.* Gummere, this court, speaking by Mr. Justice Reed (at *p.* 280), observed that the status is ascertained by the terms of the conditions under which the bid was tendered and accepted; that the terms reserved to the officer the right to treat the first sale as a nullity and expose the property for sale again in the event of failure on the part of the purchaser to complete the sale by the payment of his bid, and that the liability of the purchaser for his default is made to depend upon the result of the second sale, and if the outcome of such resale is such that the complainants would be in a position where they would receive a less sum than if the first sale had been consummated, the first purchaser must make good the deficit.

Of course, he could make it good only after it came into existence, and as no suit could be brought for it before it arose, nor before the second sale was confirmed, the statute would not run against it until that tir~. This must be obvious.

We think that the trial judge erred in granting the nonsuit, and the judgment entered thereon must, therefore, be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.